## DEMSEY et al. v. CATERPILLAR TRACTOR CO.

United States District Court
S. D. New York.
April 9, 1952.

Rosoff, Tanen & Rosoff, New York City, for plaintiffs.

Sullivan & Cromwell, New York City (Victor Futter, New York City, of Counsel), for defendant.

GODDARD, District Judge.

Plaintiffs brought this suit in the state court of New York against a California corporation for goods sold and delivered. Service of the summons and verified complaint was made on the Secretary of State pursuant to New York Gen.Corp.Law, Section 217, McK.Consol.Laws, c. 23, on February 13, 1952 and these were duly forwarded to defendant. Defendant filed with this court a petition for removal on the ground of diversity of citizenship on March 14, 1952. Plaintiffs now move to remand on the ground that the petition for removal was not timely filed.

Title 28 U.S.C.A. § 1446(b) provides—

"The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise of a copy of the initial pleading setting forth the claim for relief * * *.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable."
[Emphasis added]

Defendant does not dispute the fact that the petition was not filed within the twenty day requirement. It argues that it is relieved of that requirement because the complaint did not show diversity of citizenship. The complaint did not allege the citizenship of the plaintiffs, which defendant admits was not required in the state court. Defendant asserts that the case stated by the initial pleading was not removable and that it thus falls within the second paragraph of Section 1446(b) supra.

The ground for removal as stated in defendant's petition is "On information and belief, the plaintiffs in the above entitled suit * * * was and still are residents and citizens of the State of Ohio. The source of petitioner's information and belief is the summons and complaint in this action * * *". On the summons which is attached to the complaint was the following notation:

"Plaintiffs reside in Cuyahoga County, Ohio".

The defendant now contends that this same information is sufficient for the purpose of removal. In urging this, the defendant impliedly admits that it had sufficient information to support a petition for removal at the time of the service of the summons and complaint for its present petition is based solely upon the information noted on the summons. However, defendant did not file its petition for removal until some thirty days after the service of the summons and complaint. This would seem to be enough to require that plaintiffs' petition to remand the case to the state court should be granted.

If the contention be accepted that the information on the summons and complaint was originally insufficient to support a petition for removal, it would seem to follow that defendant's petition for removal is faulty, for it is based upon precisely the same information.

Motion to remand granted.

Settle order on notice.